UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                  Case No. 1:07-CR-249

v.                                                Hon. Gordon J. Quist

KELLY DESHUN HEMPHILL,

       Defendant.

_____/

### **ORDER REVOKING BOND**

Pending before the court is a motion by the government pursuant to 18 U.S.C. § 3148 to revoke defendant's bond pending trial (docket no. 34).

Defendant was indicted on October 24, 2007, with conspiring to distribute cocaine and crack cocaine. He appeared in court and was placed on bond on November 16, 2007. Less than one week later, defendant was arrested by the Lansing Police Department (LPD) for offenses allegedly committed on November 21, 2007 when defendant sought to flee from city police officers. For the reasons stated below, as more fully discussed on the record, the motion will be granted.

The uncontroverted testimony of a Lansing police officer at the hearing on the motion established that while driving on a suspended license, defendant was observed speeding by the officer, who was driving a marked LPD police car. Defendant then attempted to elude the police car, which pursued him. Once defendant's car reached an area which had no outlet, defendant left his car on foot, refused to obey the officer's command to stop, and apparently forced open a door to a house in which there were five or six adults and several children. None of those adults

1

acknowledged knowing the defendant. Defendant ran through the house, knocking over a toddler, and exited a door on the other side of the house, and then ran approximately eight blocks before hiding in some pine trees. He finally surrendered to police when he was tracked down by a canine unit.

Based on this evidence I find there is probable cause to believe the defendant was driving on a suspended license, speeding, resisting police, and unlawfully entering a home. *See,* § 3148(b)(1)(A). Since resisting a police officer is a two-year felony under state law, *see* MCL 750.81d, I further find that a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not impose a danger to the safety of the community pursuant to § 3148(b).

While it does not appear this presumption has been rebutted, I also find that it is unlikely defendant will abide by any condition or combination of conditions of release the court might impose if he were to be continued on bond. *See* § 3148(b)(2)(B). Defendant went to great lengths to avoid arrest, both while in an automobile (where he was aided by a second car that attempted to cut off the police officer during the pursuit), and then on foot, all the while knowing he was on bond to a federal court and that his actions were in violation of that bond. Clearly, defendant has shown that he will not abide by the conditions of his release when he feels it is disadvantageous for him to do so.

Accordingly, the motion is GRANTED and defendant is DETAINED pending trial. Defendant shall be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. The defendant shall be afforded

a reasonable opportunity for private consultation with his defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

    IT IS SO ORDERED.


Dated:  November 30, 2007                      /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge